UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
HEBER E. RAMOS, et al.,

                        Plaintiffs,         **ORDER**
                                                  CV 12-2861 (LDW)(ARL)

      -against-

SWIFT AUTO PARTS, INC. et al.,

                        Defendants.
---------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

Before the court is plaintiff's unopposed motion to sever the bankrupt defendants, Swift Auto Parts, Inc., Swift Auto Parts II, Inc., Swift Auto Parts III, Inc., Swift Auto Parts IV, Inc. and Swift Auto Parts V, Inc. (the "corporate defendants") from this action. The corporate defendants filed for bankruptcy on March 15, 2013, and the automatic stay remains in effect. The individual defendants did not file for bankruptcy. "Rule 42(b) of the Federal Rules of Civil Procedure provides that, '[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.'" *Fannie Mae v Olympia Mortg. Corp.*, 2013 U.S. Dist. LEXIS 88431 *9 (E.D.N.Y. Jun. 21, 2013). "Whether or not to sever a claim is within the broad discretion of the district court." *Id. (citing Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 370 (2d Cir. 1988)). Here, the harm to the plaintiffs caused by an indefinite stay outweighs the threat of judicial efficiency. Accordingly, the motion is granted.

Also before the court is the motion of Pike & Pike, P.C. seeking to withdraw as counsel for the individual defendants. According to counsel, he has been advised by the corporate defendants' bankruptcy counsel that he will be taking over the defense of the individual defendants in this action and has been presented with a consent to change attorneys. However, the consent has not been filed and the individual defendants have not been returning his phone calls. Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by the order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

*See* Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. Inasmuch as counsel's motion papers clearly reflect that the individual defendants have indicated their intent to retain new counsel and have stopped communicating with Pike & Pike, P.C., the motion is granted.

The action is stayed for thirty (30) days to permit the individual defendants to secure new counsel or to indicate to the court their intent to proceed *pro se*.

Counsel for the defendants are directed to serve a copy of this order on all defendants by certified mail and to file proof of service with the court.

Dated: Central Islip, New York  **SO ORDERED:**
October 5, 2013

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge